UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, and CONOCOPHILLIPS PETROZUATA B.V., | : : : : : : | Case No. _____ |
| Plaintiffs, | : : | |
| v. | : : | Removed from: |
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and CORPOGUANIPA, S.A., | : : : : | Supreme Court of the State of New York, New York County Index No. 659128/2025 |
| Defendants. | : : | |

_____/    :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441, and 1446, Defendant Petróleos De Venezuela, S.A. ("PDVSA"), hereby removes the above-captioned civil action (the "Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In filing this Notice of Removal, PDVSA does not waive, and expressly preserves, all its rights, claims, privileges, immunities, and defenses, including those under the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. §§ 1330, 1602-1611 ("FSIA").

## SUMMARY

This matter is removable pursuant to the FSIA and 28 U.S.C. § 1441(d) because the civil action in state court is against a foreign state, which includes an "agency or instrumentality of a foreign state" as defined in 28 U.S.C. § 1603(b). An "agency or instrumentality of a foreign state" includes an organ of a foreign state or an entity whose majority of shares or other ownership interest is owned by a foreign state. 28 U.S.C. § 1603(b). Federal courts have original jurisdiction

1

over foreign states under 28 U.S.C. § 1330, and 28 U.S.C. § 1367 allows supplemental jurisdiction in related cases where original federal jurisdiction exists. PDVSA is a legal corporation wholly owned by the foreign state of the Bolivarian Republic of Venezuela ("Venezuela") and is, therefore, an agency or instrumentality of a foreign state. Accordingly, PDVSA qualifies as a foreign state for purposes of § 1441(d) and may properly remove this action.

## PROCEDURAL HISTORY AND BACKGROUND

1.      On October 14, 2025, Plaintiffs Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata, B.V. ("Plaintiffs") commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of New York, styled *Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. v. Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and Corpoguanipa, S.A.* (Index No. 659128/2025). The Complaint alleges that PDVSA, PDVSA Petróleo, S.A., and Corpoguanipa, S.A. (the "Venezuelan Defendants") are in breach of a settlement agreement entered into by the parties on August 18, 2018. *See* Complaint at ¶¶ 1 and 5, Ex. 1.

2.      The undersigned counsel is authorized under the United States-recognized administration of President Delcy Rodríguez to appear on behalf of PDVSA (and the other Venezuelan Defendants) and to file this Notice of Removal.  *See e.g.* Letter to Judge Netburn, *Stansell v. FARC*, Case No 16-mc-00405 [ECF No. 629]; *Pescatore v. Pineda*, Case No. 18-mc-00545 [ECF No. 200]; *In re Claims Against the Valero Petrocedeño Account*, Case No. 20-mc-00249 [ECF No. 251]; and *Osio, et al  v. Maduro Moros*, et al, Case No. 25-mc-00390 [ECF No. 49], Ex. 2.

3.      The Notice of Removal is timely filed. To date, PDVSA has not been served with process in compliance with Section 1608(b) of the FSIA and PDVSA preserves its right to contest the adequacy of service of process. On April 21, 2026, Justice Masley entered an Ex-Parte Order

("Order") in the state court action authorizing alternative service. *See* Order, Ex. 3. On April 27, 2026, Plaintiffs' counsel filed an Affirmation of Service in the state court action claiming to have served Defendants through alternative service on April 22, 2026. *See* Affirmation of Service dated April 27, 2026, Ex. 4.

4.      By filing this Notice of Removal, PDVSA does not waive its right to object to any attempted service of process that is not in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable law or treaty. Further, PDVSA does not concede that the allegations in the Complaint state a valid claim under any applicable law and expressly reserves its right to challenge the sufficiency of Plaintiffs' claims against it.

## REMOVAL OF ACTION AGAINST A FOREIGN STATE

5.      This Court has removal jurisdiction under 28 U. S.C. § 1441(d) because Plaintiffs have filed this action in state court against an agency or instrumentality of a foreign state, as defined by the FSIA, codified at 28 U.S.C. § 1602 et seq.

6.      Under 28 U.S.C. § 1441(d), a foreign state, or an agency or instrumentality of a foreign state, has an absolute right to remove any suit to which it is a party. *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 489 (1983) (citing § 1441(d) and explaining that the Foreign Sovereign Immunities Act "guarantees foreign states the right to remove any civil action from a state court to federal court"); *see also Talbot v. Saipem A.G.*, 835 F. Supp. 352, 353 (S.D. Tex. 1993) (interpreting § 1441(d) broadly and explaining that for purposes of removal, the Act "grants a foreign state an absolute right to removal"). Section 1441(d) provides that:

> Any civil action brought in a State Court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury.

Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

7.     A "foreign state" is defined by Section 1603 of the FSIA. A "foreign state" "includes . . . an agency or instrumentality of a foreign state," which is defined as an entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . , nor created under the laws of any third country," 28 U.S.C. § 1603.

8.     PDVSA meets the definition of "foreign state" as set forth in 28 U.S.C. § 1603(a). PDVSA is a capital stock corporation (sociedad anonima) organized under Venezuelan law that is wholly owned by the Republic of Venezuela. *See* CONSTITUCIÓN DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA art. 303 ("[E]l Estado conservará la totalidad de las acciones de Petróleos de Venezuela, S.A." ("[T]he State shall retain all shares of Petróleos de Venezuela, S.A."));[1] *see also, e.g. Lubian v. Republic of Cuba,* 440 F. App'x 866, 867-68 (11th Cir. 2011) (observing that PDVSA is "an agency or instrumentality of Venezuela" and therefore a "foreign state" within the meaning of the FSIA). PDVSA is not a citizen of the United States, nor is it created under the laws of any third country. Venezuela owns all shares of PDVSA and thus PDVSA qualifies as an agency or instrumentality of Venezuela under FSIA Section 1603(b). PDVSA therefore may remove this action to this Court under 28 U.S.C. § 1441(d). *See also* Complaint at ¶ 12 ("Defendant PDVSA is the state-owned oil company and instrumentality of Venezuela"), Ex. 1.

---

[1]    Available at http://www.cne.gob.ve/web/normativa_electoral/constitucion/indice.php. An unofficial English translation is available at http://hrlibrary.umn.edu/research/venezuela-constitution.html.

<u>PROCEDURAL REQUIREMENTS</u>

9.      The procedural requirements set forth in 28 U.S.C. § 1446 have been satisfied.

10.     Section 1446(a) requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which PDVSA satisfies with the filing of this Notice of Removal.

11.     Section 1446(a) also requires the removing party to provide a copy to the district court of all process, pleadings, and orders served on the defendants in the state action. PDVSA satisfies these requirements of Section 1446(a) by attaching these documents to this Notice of Removal. *See* attached Appendix. *See also*, e.g. Local Rule 81.

12.     Under Section 1446(b)(1), notice of removal must be filed within thirty (30) days of the defendant's receipt of a copy of the initial pleading. PDVSA has not been served with the summons or the Complaint. Plaintiffs purport to have served PDVSA on April 22, 2026, less than 30 days before this removal. *See* Affirmation of Service dated April 27, 2026, Ex. 4.

13.     28 U. S.C. § 1441(d) does not require consent to the removal. However, all the Venezuelan Defendants are represented by undersigned counsel and consent to removal.

14.     Under Section 1446(d), written notice of removal must be promptly provided to all adverse parties, and a notice of filing of the notice of removal must be promptly filed with the clerk of the state court. A copy of this Notice of Removal shall be promptly sent to all counsel of record and will be filed with the Clerk of Court for the Supreme Court of the State of New York, for the County of New York, as required by Section 1446(d).

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, for the County of New York, to the United States District Court for the Southern District of New York.

Dated:  May 21, 2026

Respectfully submitted,

*/s/ Kathryn Marie Decker*
Kathryn Marie Decker
New York Bar No. 6129407
**LEÓN COSGROVE JIMÉNEZ, LLP**
One World Trade Center
85th Floor, Suite 12
New York, NY 10007
Telephone: (212) 220-6610
Email: kdecker@leoncosgrove.com

Marcos Daniel Jiménez
New York Bar No. 4881736
**LEON COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Email: mdj@leoncosgrove.com

*Counsel for Defendants Petróleos De Venezuela,*
*S.A. ("PDVSA"), PDVSA Petróleo, S.A., and*
*Corpoguanipa, S.A.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2026, I caused a true and correct copy of the

foregoing Notice of Removal to be filed electronically with the Clerk of the Court using the Court's

CM/ECF System and will send a copy via electronic mail to counsel of record listed below.

Jonathan D. Cogan
Marcus J. Green
Josef M. Klazen
A. Zoe Bunnell
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Email: Jonathan.cogan@kobrekim.com
Email: marcus.green@kobrekim.com
Email: Josef.Klazen@kobrekim.com
Email:Zoe.Bunnell@kobrekim.com
Email: Lydia.Halpern@kobrekim.com

*Counsel for Plaintiffs*

/s/ Kathryn Marie Decker
Kathryn Marie Decker